UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES J. MCCLENDON : | |
|     Petitioner : | |
| : | PRISONER CASE NO. |
| v. : | 3-01-cv-1490 (JCH) |
| : | |
| STATE OF CONNECTICUT, ET AL : | DECEMBER 20, 2004 |

**RULING RE PENDING MOTIONS [DKT. NOS. 9 and 14]**

The petitioner, Charlie McClendon, is currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on the charges of felony murder, first degree robbery and attempted robbery.

On September 10, 2002, the court granted respondents' motion to dismiss as to the unexhausted grounds for relief in the petition for writ of habeas corpus, namely grounds four, five and six. The court also granted the respondents' and the petitioner's motions for stay as to grounds one, two, three, seven and eight.

The court directed the petitioner to commence exhausting his state court remedies within thirty days of the date of the ruling and to file a notice in this case documenting his efforts to commence the exhaustion process within forty days from the date of the ruling. On October 15, 2002, the petitioner filed a notice indicating that he had commenced a state habeas petition including grounds four, five and six.

State court records confirm that the Superior Court Judge dismissed the petitioner's state habeas petition on May 3, 2004, and the petitioner filed an appeal of the decision on June 16, 2004. A clerk at the Connecticut Appellate Court has recently confirmed that the petition is still on appeal. The petitioner must notify this court when

his state habeas petition becomes final.

The date the petition becomes final is dependent on whether the appellate court rules in the petitioner's favor or against him and whether either party files a petition for certification to the Connecticut Supreme Court.  If the Connecticut Appellate Court grants the petition and the State of Connecticut does not file petition for certification to appeal the decision, the petition would become final on the date of the appellate decision.  If the Appellate Court grants the petition and the State of Connecticut files a petition for certification to appeal the decision, the petition would become final when the Connecticut Supreme Court either denies the petition for certification or grants the petition for certification and either affirms or reverses the decision of the Appellate Court.  If the Appellate Court denies the petition, the petition would become final either on the date the Connecticut Supreme Court denies any petition by the petitioner for certification to appeal the ruling or, if the Connecticut Supreme Court grants certification to appeal the ruling, on the date it rules in favor of or against the petitioner.

Whether the petitioner prevails or does not prevail in state court, he must notify the court within thirty days of the petition becoming final.  If he seeks to proceed with this action, he must file a motion to lift the stay and an amended petition for writ of habeas corpus containing all the claims the petitioner seeks to have this court consider, including any newly exhausted claims.  The petitioner is informed that if he fails to notify the Court within thirty days of the date his state petition becomes final, the stay will be "vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed."  Zarvela, 254 F.3d 374, 381 (2d Cir. 2001).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of December, 2004.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge