UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLIE J. MCCLENDON,         : | |
|     Petitioner,         : | |
| : | PRISONER CASE NO. |
| v.         : | 3:01-cv-1490 (JCH) |
| : | |
| STATE OF CONNECTICUT,         : | |
| ATTORNEY GENERAL         : | APRIL 5, 2005 |
| COMMISSIONER ARMSTRONG,         : | |
|     Respondents.         : | |

**ORDER**

The petitioner, Charlie McClendon, is currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on the charges of felony murder, first degree robbery and attempted robbery.

On September 10, 2002, the court considered the respondents' motion to dismiss and concluded that the petition for writ of habeas corpus contained both exhausted and unexhausted claims. Pursuant to the Second Circuit's recommendation in Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001), the court granted the motion to dismiss as to the unexhausted grounds for relief in the petition for writ of habeas corpus, namely grounds four, five and six, and granted the respondents' and the petitioner's motions for stay as to grounds one, two, three, seven and eight, the exhausted claims. See Zarvela, 254 F.3d 374 at 380-83 (advising district courts to stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'").

The court directed the petitioner to commence exhausting his state court remedies as to grounds four, five and six within thirty days of the date of the ruling and to file a notice in this case documenting his efforts to commence the exhaustion process within forty days from the date of the ruling.  On October 15, 2002, the petitioner filed a notice indicating that he had commenced a state habeas petition including grounds four, five and six.

State court records confirm that the a Superior Court Judge dismissed the petitioner's state habeas petition on May 3, 2004, and the petitioner filed an appeal of the decision on June 16, 2004.  A clerk at the Connecticut Appellate Court has recently confirmed that the petition is still on appeal and that it is unlikely that the appeal will be scheduled for oral argument before the end of this year.

In light of this information, the court elects to vacate the stay as to grounds one, two, three, seven and eight and dismiss all grounds in the petition without prejudice to reopening the petition after completion of the exhaustion process in state court.  This procedure offers the petitioner the same protection as the continued stay of this case pending exhaustion.  In addition, requiring the petitioner to file a motion to reopen after he has exhausted his state court remedies is not any more burdensome than requiring the petitioner to notify the court of the completion of the state court proceedings if the court were to maintain the current stay of the petition.  By permitting the petitioner to reopen this case after he has completed exhaustion of his state court remedies, the danger that a subsequent new petition might be barred by the statute of limitations is eliminated.

**CONCLUSION**

The stay imposed pursuant to the court's September 10, 2002 Ruling [Dkt. No. 15] is **VACATED**.  The petition for writ of habeas corpus [Dkt. No. 1] is **DISMISSED** with the right in the petitioner to file a motion to reopen this case after he has fully exhausted all available state court remedies as to grounds four, five and six in the petition.

Within **thirty** days after the petitioner has completed the exhaustion of his state court remedies as to grounds four, five and six, the petitioner shall file a motion to reopen this case reporting that those grounds have been fully exhausted and that he wishes to reopen this case.  The motion must be accompanied by an amended petition for writ of habeas corpus, including all exhausted claims he now seeks to have the court consider and including copies of any state court decisions documenting the exhaustion of his claims.  The Clerk is directed to close this case.

**SO ORDERED.**

Dated this 5th day of April, 2005, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge