The appellate Court, decision on the hearsay was also, even more contrart to, Federal established law, and unreasonable. In the Appellate Court own words " These statement is contadictory." If the Petitioner's was given the exculpatory police report early the out come of the trial would have been different.  The Petitioner's seek a new trial based on the lateness of this exculpatory Faggaini police report.

**The State Supreme Court:** The State Supreme Court also agreed with the Trial court's, and the Appellate court, on the issue of hearsay, the State Supreme court did not hear the suppression of the exculpatory police report. The State Supreme Court was contrary to, Federal established law, and unreasonable. The record is clear for review. The State Supreme Court stated, In this precase, the state's produced other witness who saw the defendant leaving the murder scene wearing the same clothing described by Hale at the time of the crime the crime had been committed, and ballistic evidence that placed the murder weapon at the defendent apartment.  The State Supreme Court decision was unreasonable to the evidence that was present at trial. The other witnesses did not see the Petitioner's running from the crime scene, and the so call, ballistic evidence was contradicted by the State's own witness. James Mcdonald who was fired from the Hartford Police Department, in the Fall of 1987, over a finger-print dispute with the F.B.I. The same time he tested fired the gun.

The Petitioner's is seeking a new trial from this ruling from the State Supreme.

23

The trial court's the appellate court, and the state supreme
court, was contrary to Federal established law. <u>Williams v. tay-
lor</u>, 529 U.S. 362. <u>Jones v. stinton</u>, 229 F.3d 112,at 119.


**CLAIM THREE:** <u>THE TRIAL COURT, THE APPELLATE COURT, AND THE STATE
SUPREME COURT, DENY THE PETITIONER'S HIS FEDERAL CONSTITUT-
ION RIGHTS" TO PERMIT THE PETITIONER'S TO INTRODUCE A
POLICE REPORT UNDER THE RESIDUAL EXCEPTION TO THE HEARSAY
RULES.</u>


After the trial court's deined the Petitioner's motion for
a mistrial, based on the state's failure to timely disclosed the
Faggaini police report, the Petitioner's sought to admit the
exculpatory police repotr, under the residual exception to the
hearsay rules, under the Six and Fourteenth Federal Constitution.

Hearsay may be admitted if there is a sufficient probability that
the statement is reliabl and trustworty, if the evidence contain-
ed in the statement in necessary to the resolution of this case.
<u>Washington V. Texas,</u> 388 U.S. 14.

The first criterion that must be met in determining the
applicability of thia exception is relevance."To be relevant, the
evidence need not exclude all other possibility,it is sufficient
if it tends to support the conclution,even to a slight degree."
Here that is no question the evidence the petitioner soughtto
to admit was relevant,it squarely undermind the testimony of the
state only identiification witness.The court has determined"That
the necessary reqiurement is met when,unless the hearsay statemen
is admitted,thetis fact it contain may be lost,either because the
declarant is dead or otherrwise unavailable,or become the asser-
tion is of such a nature that evidence of the same value cannot
be obtained from the same or other sources.

Indisputable that was the case here.The sole source of this
information was Detective Faggiani,the author of the exculpatroy
police report in question.Brother officers testified that Faggian
died a year and a half or two years before the November 1992
trial.Moreover,the statement contained adequate indicia of
reliability to support admissibility under the residual exception
hearsay rule.

Under our Federal Constitution,the right of an accused in a
criminal trial to do due process isin essence ,the right to a
fair oppportunity to defend against the state accusation. The
right to to confront and cross-exaimne witnesses,and to call
witnass in ones own behalf,have long been recognized as essential
to due process.

The denied of due process is the failureto observe that funda-
mental fairness essential to the very concept of justice.In order
to declare a denial of it,we..must find that the absence of that
fairness fatally infected the trial,the act complained must be of
such aqality as necessarily prevents a fair trial.

The trial court exclusion of the proffened testimony as hearsay
"Fatelly infected"the"Quaility of the petitioner trial.Detective,
Faggiani,was the lending vestigator in this case at the time,the
line-up was conducted by,Faggiani,it was Faggiani who had contact
whit Hale,that led police to believe a line-up would be fruitful
and he was the affidavitat on the search and seizure warrant
authorzing the identification procedures.

The jury had a rightto know that Faggiani had filed an offical
police reort relating that Hale,testimony that the prospective
job applicant was indeed the perpetrator was a surprising event
of fairly recant vintace-that shortly before Hale,made this
identification,she had told Faggiani since she never saw the
suspect face it was an "Assumption"on her part that the peretrato
was actually the job applicant.

Under these circumstance,where Constitution rights directly
affecting the ascertainment of guilt are implicated,the hearsay
rule,may not be applied mechanistically to defeat the end of
justice.**Chambers V.Mississippi,410 U.S.95,Washington V.Texas 388
U.S.14**
The petitioner aks the court to grant him a new trial

As stated above the trial court's , the Appellate court, and the
State Supreme Court, decision was contrary to, Federal establish
law, and from that, resulted in a decision that was based on an
unreasonable determination of the facts in light of the evidence
present in the State Court's proceeding. The Petitioner's ask
this Court to grant him a new trial.

**THE PETITIONER'S WAS DENIED HIS SIX AND FOURTEENTH FEDERAL CONST-
ITUTION RIGHTS, TO THE EFFECTIVE ASSISTANCE OF COUNSEL.** The Pet-
itioner's was arrested on August, 11, 1987, for unrelated charges
the Petitioner's was question about the said incident, at that
point the Petitioner's because the prime suspect of the C&K -
murder, over the months, the police department continue to try
and see and interview the Petitioner's. The Petitioner's because
frustrate with the police accusation, Petitioner's then contract
his then attorney, Susuan Story. On December 8, 1987, at the Pet-
itioner's request, attorney Susuan Story, sent two investigator
from her office, ( Imar Grimes, and Ellen Knight ) to investigate
and to interview Darlene Hale. Both spoke to Ms. Hale, and quest-
ion her about the C&K incident. Hale, stated to the investigator,
" She had spoke to Det. Omiecinski, at her home on August 14,1987
concerning the C&K incident. Det. Omiecinski, shown her a photo
of the suspect (The Petitioner's) who he think was responsable. "
Hale, stated, " The person, Det. Omiecinski, name was Charlie    c
Mcc.. " she struggled with the last name, at that point, the in-
vestigators informed Hale, they have a client name Mr. Charlie
Mcclendon, at that point, Hale, interrupted then and stated "That
the name and person Det. Omiecinski gave her and photo he shown
her "

Hale stateded"she was shown a photo of this Charlie Mcclendon(The petitioner),and he was deffinitely not the culprit"Hale stateded "she stated this to Det.Omiecimski,the night at her home on August 14,1987"Hale stateded "she inform Det.Omiecmiski she (Hale) know this Charlie Mcclendon any way because he had filled out a job application before,and use to check on it,and he has a cusin by the name james Dennis,who she(Hale)work with at C&K." Hale Stateded"she had enough contact with Charlie Mcclendon, (The petitioner)to know what he look like,and he was not the the person who came in on August 11,1987.and asked for a job application at C&K.Hale stateded"Over the course of several-months Det.Omiecimiski tryed to make her feel like it was her fault they(Cop)have't made an arrest"Hale stateded,Det.Omiecimski stateded to her at one time This Charlie Mcclendon,(petitioner) had fourteen robberies cases,and one of those cases he shot an old man in the leg with the same gun he used to kill these people but because you(Hale)wont make an identification on her we(Cop) cant arrested him,although we(Cop)think he(Petitioner)did it,but we(Cop)only have circumstantial evidence"Hale statededDet.-omiecinski told her he reall want to make an arrest on this one, want to make an example of this Charlie Mcclendon,want him to die in the electeic chair.

Hale statededed,"none of the photo she was shown was the right person".Hale statededed,"Det.Omiecinski,constancely pursure her over the months,to make an identification on this Charlie Mcclendon,making her her feel it was her fault,an arrest wasn't made".At that point both investigotors made it very clear was they taking about the same Charlie Mcclendon,Hale statededed,"Yes,I was shown a photo of the suspect Charlie Mcclendon(the petitioner) by Det.Omiecinski,and I inform him he was not the culprit,I had enough contact with Charlie Mcclendon,to know what he look like, he had filled out an application before,and had check on it — several time,and I know his cusin,by the name James Dennis,whom work with me at C&K.

## THE TRIAL COUNSELS WAS INEFFECTIVE

The petitioner was arrested on unrelated charges on August 13, 1987.The petitioner was the prime suspect.On the petitioner requsted,attorney Susuan Story,sent her owned investigators Irma Grimes/Ellen Knight to interview Darlene Hale,on December 8, 1987.Form this interview the petitioner thought he was cleared out of this double homcide,plea guilty to the unrelated charges doing jury selection,after requsting his then trial attorney Mr. Lawrerce Hopkins,to stated on the record,the petitioner was cleared out the double homcide.

On September 15,1989.while incarcerated on unrelated charges,
the petitioner was taken to a line-up.On September 22,1989. the
petitioner was arrested for the said incident.At the October 31,
1989 probable cause hearing,the petitioner was represented by Mr.
Lawrerce Hopkins,and Mr. Fred Decaprio.Hale was impeached at the
probable cause hearing,on her December 8,1987.to the investigotor,
Hale deined,she ever stated she know the petitioner to the two
investigators,and she wasn't talking about Charlie Mcclendon,but
a Charlie Mcclellar.The case proceed to trial.Mr. Hopkin whom
impeached Hale at the probable cause hearing,left the Hartford
Public Defendent Office.And on long represented the petitioner.He
was placed by attorney Susuan Story.Doing the petitioner suppres-
sion hearing,at trial on November 19,1992.The petitioner request
Attorney Decaprio to impeached hale,on her prior inconsistent
statement,she made to the investigators,he refused.Both trial
attorneys purposely misrepersented the petitioner.the case was
capital felony,the central issused was the petitioner identity.
Trial counsels had undisputable evidence concerning the petitioner
identity.Hale inform trial counsels owned investigators,two years
prior to her september 15,1989.line-up identification,that she
know the petitioner and his cusin James Dennis.Both trial
counsels refused to called they own investigators,and the
petitioner relative James Dennis as witnesses.

The petitioner also had requested his trial counsels to investi-
gate a Charles Queiroge,and call him as a witness.Mr.Queirroge
was an empolyed at Clark Contect Interiors,locate at weston St.
in Hartford Conn.On August 11,1987,He was restoring office -
cubicles at C&K,around 3:30-4:25 p.m.,when he notice a black male
standing in front of the buliding of C&K Moving Co.,deressed-up as
the description gining of the suspect killer. He described the
suspect as a black male,light medlum compexion 5'8" in hight
about 20 to 25 yrs., old, wearing a light blue shirt with the
sleeve rolled-up.On August 31,1987, Charlie Queiroge, view a
photo array of polaroid photos color type A-1 through A7. in
those photo he observed A7,and stated that he had seen this black
male at C&K Moves within days recently of the robbery-shooting.
He stated he saw Charlie Mcclendon (The petitioner) as recently
as August 10,1987,but was not the black male suspect male,he
seen standing next to the buliding of C&K Moving Co.on August 11,
1987, at 4:25,Det.James Pasqurell,Det.Timothy Sullivan,Det. N.
Russo,was found to have lied on their undated police report-
THat Charles Queiroge,picked the petititoner as the one looking
similar to the black male that was standing in front of C&K Moves
Co.Mr.Charles Queiroge has been storing office cubicles,and -
picking them-up,for five month at C&K.Moving Co.Failure to invest
-gate,and call witnesses,was ineffectiveness.Bryant v.Scott,
28 F.2d 1411(5 cir 1994),Pauel v. Hollins,261 F.3d 210,(2d cir-
2001).

31

Six Amendent Rights to counsel is right to effective assistance
of counselor.Mcmann V. Richardson,397 U.S. 759,at 771.The trial
counsels stated,"All the information in the statement Hale gave
to the investigators was no good,and they fear they would had
call her a lier" Hale was impeached at the probable cause Hearing
on her two years statement she gave to the investigators,on
Decumber 8,1987.Counselors failure to impeach proecution eye-
witness against petitioner was ineffective assistance,because
witness testimony was the olny direct evidence aganist petitioner
Dixon v. Snyder,266 F.3d 693(7 cir 2001),Counselor,Susuan Story
and M.Fred Decaprio,had undisputable evidence,of det.Omiecinski
pursuring Darlene Hale to identify the petitioner as the C&K.
perpetrator,Hale refused,stating ,she know the petitioner,and his
cusin James Dennis,Hale stated,she had enough contact with the
petitioner to know what he look like.Counselors refused to call
the two investigators,and impeached Darlene Hale,on her two years
inconsistent statement.A failure to called,and impeach witness
is ineffective.Berrymam V. Motion,100 F.3 1089. Workman V. Tate -
957 F.2d 1339. Harris V. Reed,894 F.2d 871.


The petitioner was most definitely,prejudice by trial counselors
ominous acted.The case was Captal Felony,other crimes evidence,
was interduce in the trial,the case was sole based on identifi-
cation.The trial counselors own investigators would had testify
if they had been called.The petitioner,cusin James Dennis,would
had also,testify if called.Also Mr. Queiroge would had been a
good witness if,trial counsel had investigated him,and called him
as a defence witness.

The petitioner had a right to called witness in his own defensed. **Griffin v. Warden**,970 F.2d 1355.**Foster v. Lockhart**,9 F.3d 722. Trial counselors should had impeached,and called,the petitioner requested witnesses,to refute Darlene Hale,testimony at the susression hearing,and trial,**Lawrence V. Armontrout**,900 F.2d 127. **Chamber V. Mississippi**,410 U.S.284.**Strickland V. Washington**,-- 466U.S. 668.

Trial counselors fialure to adequately prepare the petitioner expert witness on eyewitness indentification Michael Leippe . Adequate preparation of the expect witness would have pervented the courts exclusion of Mr. Leippe testimony,and or perpared a recond that would allow an an Appellate Court to reverse on the grounds that the trial court judge abused its discrretion by - excusion this Mr. Leippe's testimony.

Trial counselors also failure to adequately reseach this issue of uncharged misconduct,therfore not keeping out evidence of other robberies,and or not having a stronger record on appeal.

The petitioner sought to offier this expert testimony of Dr.- Leippe on the factors that influence eyewitness momory.All which was critically relevant to this case.

In a lengthy offer of proof outside of the presence of the jury the dector detailed his qualifications.Dr. Leippe testified,that eyewitenss behavior is a field of recognized scientific inquiry, and that many of the findings from reseach on the subject of momory are simply not a matter of common knowledge.He discussed several examples beginning with the relationship between eye-witness confidence and eyewitness accuracy. He explained that, "Dozens of studies demonstfated that there is,at best,a very weak and ofthen insignificant relationship between accuracy of,for example,an identification from a line-up,and the confidence with which that is expressed".He also indicated that scientifically-conducted survery demonstrated"that pepple do assume that there is a relationship between monory and confidence.And they assume that there is (sic) relatively strong one." Dr. Leippe explained that another relationship that is not commonly understood is the relationship between stress and monory. He noted that although jurors may be tempted to accept the common statement that,(I was so scared,...there was just no way I could forget that face,"the fact of the matter is that the greater the anxiety a person ex-perience, "the less likely the person is... to have a good monory for what they (sic) experience as they were under that stress, -that is a well documented finding." Dr. Leippe believe his testi-monory could be of assistance to the jury in guaging the reli-ability of an identification.

Specifically,it would be important to explain to the jury how the human memory work,partly due to "the documented finding that people overestimate the accuracy of memory in general. He testt-ified that there are three stages of memory, Acquisition,storage, and retrieval. He explained at length some of the factors that can affect the accuracy of the memory process in each of these stages.

**The Court Ruling.**The finds that,not only would the testimony not be helpful to the jury in considering the issues,but that the testimomony would conserve (sic) to confuse,confound,and puzzle the jury.

**The court Abuse It's Discretion In Precluding The Expert testi-Mony.**

1)Expert testimony is admissible if, the witness has a special skill or knowledge directly applicable to a matter in isue.That the skill or knowledge is not common to the average person,and the testimony would helpful to jury in considering the issue. Because of the cricumstance here the profferd defence expert — testimony met each prerequisite to admissibility.The trial court abused it's discretion in excluding this evidence. <u>United States V. Singleton</u>,702 F.2d 1159.<u>United States V. Stevens</u>, 935 F.2d 1380.

Dr. Leippe's Knowledge is not common to the average person,it was the opinion of the trial judge,that Dr. Leippe conclusions amounted to "nothing outside the common experiences of mankind." This finding obviously files in the face of Dr.Leippe tsetimony regarding,for instance,studies demonstrating a perception by the common man that there is a strong correlation between a witness's confidence and the accuracy of her monory. **United States V. Singleton, 702 F.2 1159**

Dr. Leippe's testimonory whould have been helpful to the jury, Expert testimony on subject of eyewitness identification has been found to be helpful to juries. **United States V. Smith**,736 F.2d 1103.The court concluded that the same type of evidence offered in this case meets the "helpfulness" requirment of rule 702 of the Federal Rule of Evidence.The same conclusion was reached by the Trird Circuit Court of Appeals in, **United States V. Downing**, 753, F.2d 1224. **U.S. V. Brien**,59 F.3d 274.

The expert testimony was crucial to the petitioner defense, It, exclusion,and trial counsels fialure to adequately prepare the reond,that would allow an Appellate Court to analyzes,the issue under Federal guide lines.The petitioner seek a new trial

**The Trial Court And The Appellate Court,Error In Concluding The Other Crimes Evidence Was Admissable.**

Over the petitioner vigrous objection,the states was permitted to interduce extensive evidence of other crimes evidence.

36

The states relied heavily on this evidence to sustain its burden
of proff.The court allow the state to interduce evidence of three
seperate armed robbers,each which oucurred in the same neighbor-
hood of the C&K incident

## The Court Ruling.

In admitted this other crimes evidence,the court cited the -
following.The geographic proximity of each location to the other,
and to the petitioner house,the fact that a weapon simialar to
the one in evidence in the instant case,was displayed or used,the
fact that the petitioner brought a bag to,two of the location as
well as to C&K Moving Co.,each offense occurred on a weekday at a
retail establishment at either beginning or the closing of the
work day,cash was taken at each establishment,and the intruder-
was highly aggressive. The court ruled the other crimes evidence
admissable on several bases. As signature offense,as common schem
,to corroborate prosecution evidence of Hale identification,and
to prove ability or opporturnity to commit the crime by showing
access to a gun. Based on the admissability finding the court -
also concluded the probative value outweighed the prejudicial -
effect of the evidence.

The other crimes evidence was not admissable.The state admitted
the other crimes evidence on the issue of identity,much more is
demanded then that  mere repeated commission of crimes of the -
same class... the device used must be so unusal and distinctive
as to be like a signature. The proffered evidence fails to meet
this standard. Nor was this evidence admissable under the common
scheme theory.

The evidence of the Petitioner prior misconduct did not have sufficient independent relevance as proor a common scheme or system of criminal activity to be admissable under those facts. and circumstances. The trial error in admitted the uncharge misconduct, and the Appellate court, and the trial court, and State Supreme court, failed in not analyzing under the Federal Constitution. And Trial counsel, failed to adequately reserch this issue, and not having a stronger record.

**The Habeas Court, and The Appellate Court, Decision was Contrary to, Federal Established Law.** The law of **Strick V. Washington, 466 U.S. 668.** is very clear, the Petitioner's met the two prongeds test. Under this analysis, to prevail on a Constitutional Claim of effective assistance of counsel, the Petitioner must demonstrate both (1) defiicent performance and (2) actual-prejudice; To establish deficient performance, a petitioner must that counsel's representation " fell below an objective standard of reasonableness " **Loliscio v. Goord, 263 F.3d 178.** The Habeas Court's was unreasonable, in his determination of the facts in light of the evidence presented in the habeas Court proceeding. The Habeas Court's also ruled contrary to, Federal established law. The two investigators testified, and the Petitioner's cusin who worked with Darlene Hale, at C&K, at the time of the murder. The two trial coundels, also testified that the petitioner's constancely requested they call the investigators, and the Petitioner's cusin to the stand.

Trial counsel's Susuan Story, stated at the Habeas hearing, that Darlene Hale, explanded away the evidence at the probable cause hearing, just the contrary, at the probable cause hearing Darlene Hale, was ask about the Petitioner's cusin, she was also ask this so call charlie muccullen, did he had acusin by the name of James Dennis, she replyed she dont know. Darlene Hale also stated she dont recall seeing a phot of this person, by the name of Charlie Mccullen. The investigators report also stated how Darlene Hale told them about the Petitioner's unrelated charges, that was introduce at trial, she also spok about the pursuce the police put on her to identified the Petitioner's. The record is clear for review. The prejudice to the Petitioner's was very harmful. The case was Capital felony, the solo issue was identity, there was other crimes introduce in the trial, the two investigators would have testified that Darlene Hale stated the police pursure her in making an identification on the petitioner's, and the petitioner's cusin, James Dennis, would also have testified that Darlene Hale, kown the Petitioner's and him was cusin. The jury deliberated for 9 days, a very storng reason if these witnesses would had been called the out come of the trial would have been different. The Habeas Court, and The Appellate Court ruling was unreasonable, and contrary to, Federal established law. The Petitioner ask this court to grant him a hearing to openly view the issue, and grant him a new trial.

THE HABEAS COURT DENY THE PETITIONER'S HIS FEDERAL CONSTITUTION
RIGHTS, FOR CERTIFICATION TO APPEAL ITS DISMISSAL OF THE PETIT -
IONER's, PETITION FOR A WRIT OF HABEAS CORPUS, AND HABEAS COR-
COURT, ERRED IN DETERMINATION THAT THE PETITIONER'S WAS NOT
DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

This an appeal from the denial of the Petitioner's certi-
fication after the dismissal of the petion for a writ of habeas
corpus. The Petitioner cited Federal Constitution.

The Habeas Court's, and the Appellate Court was unreason-
able and contrary to, Federal law, Lozada v. Deeds, 498 U.S. 430.
Barefoot v. Estelle, 463 U.S. 880. As the Petitioner's stated in
above in the claim of ineffectective assistance of counsel. The
Habeas Court, and The Appellate Court ruling has no grunds to
stand on, once this court's review this issue.

The Petitioner's seek a new trial on this isse, and all
the rest of the issue, the petitioner seek a hearing on the issue
at hand. The Court, this Court's need to openly review this case
by conducting a hearing.

## SIX CLAIM:

**THE HABEAS COURT, THE APPELLATE COURT AND THE STATE SUPREME COURT DENIED THE PETITIONER'S HIS FEDERAL CONSTITUTION RIGHTS, IN DIS-MISSING THE PETITIONER'S PETITION FOR INEFFECTIVE ASSISTANCE OF COUNSEL. ON THE GROUNDS OF SUCCESSIVE PETITION.**

(1). **SUPPORTING FACTS:** The Petitioner's moves, pursuant to the Six and Fourteenth Amendents to the United States Constitution. That this Court's find that the Habeas Court, The Appellate Court and The State Supreme COurt, denied the Petitioner's his Federal Constitution Rights, in dismissing the Petition, for ineffective assistance of counsel, on the grounds of successive petition.

For the following reason:

The Petitioner's sought to exhausted his State remedies in State court, on the grounds of ineffective assistance of counsel. The Petitioner's had sought relief, that his trial attornies failed to adqeuately prepare the Petitioner's expert's witness on ident-ification. And his attornies failed to adequately research the issue of unchange misconduct, therefore not keeping out evidence of other crimes, and or not having a stronger record for a appeal

**The Habeas Court, The Appellate Court, and State Supreme Court Decision Was In Contrary To, Federal Established Law.** The Court's Habeas Court's appiled law that was contrary to, federal Law. The evidence was very clear to established ineffective assistance of counsel. This court's should grant the Petitioner's a hearing just on this issue alone, to established the injustice that was done. The trial attornies had undisputable evidence of the Petitioner's identity, which was the solo issue in this case. The State's start witenss, inform to of they own investigators, she was being pursuant too make an identification on the Petitioner's nineteen months to two years before the Petitioner's arrest. The jury had a right to know this information. Hale had connect the petitioner's to one of the worker at C&K at the time of the murer. Which was in her own staement **( She know Charlie Mcclendon, any way because he, have a cusin that work here, name James – dennis, and I told the police this )** The attornies failt this evidence was not inportent to the Petitioner's and the Jury to hear.  The Appellate, and the STate Supreme Court, was in contrary to Federal established law. **StrickLand v. Washington.** is very clear on this matter.  The Petitioner's ask this Court's to vacate the Petitioner's 140 years sentence.And grant him a new trial on all claims. The Petitioner's also seek to be release from State custody.

42

The Petitioner's submit the following information to

1). United States District Court of Connecticut.

2). Attorney General Richard Blumenthal.

3). COmmissioner of COrrectional, Thersa C. Lantz.

Charlie J. Mcclendon
900 HighLand Ave.
Cheshire Conn. 06410.

## CERIFICATION

Petitioner's cerifies a true copy of this document has been mail
to the Resopdents COunsel, Carolyn K. Longstreth, Esq. Assistance
State Attorney, 300 Corporate Place, Rocky Hill, Conn. 06067. On
this day of - March 15, 2006

Charlie J. Mcclendon
900 HighLand Ave.
Cheshire Conn. 06410