UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLIE J. MCCLENDON | : |
| | : |
| | : PRISONER CASE NO. |
| v. | : 3:01-cv-1490 (JCH) |
| | : |
| STATE OF CONNECTICUT, et al. | : MAY 30, 2006 |
| | : |

**RULING RE: PENDING MOTIONS (Doc. Nos. 22 and 23)**

The petitioner, Charlie McClendon, is currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on the charges of felony murder, first degree robbery and attempted robbery. Pending before the court is the petitioner's motion to reopen and motion for leave to file an amended petition. For the reasons set forth below, the motions are denied.

In January 1993, in the Connecticut Superior Court for the Judicial District of Hartford/New Britain, a jury convicted the petitioner of two counts of felony murder, two counts of robbery in the first degree and one count of criminal attempt at robbery in the first degree. On February 19, 1993, the judge sentenced him to a total term of imprisonment of 140 years. On July 15, 1997, the Connecticut Appellate Court affirmed the conviction. See State v. McClendon, 45 Conn. App. 658, 679, 697 A.2d 1143, 1153 (1997). The petitioner filed a petition for certification to appeal from the decision of the Connecticut Appellate Court. On November 6, 1997, the Connecticut Supreme Court granted certification on three issues:

> (1) Did the Appellate Court properly conclude that . . . the trial court correctly held there was probable cause to support a warrant authorizing the seizure of the defendant for line up and voice sample;

(2) Did the Appellate Court properly conclude that . . . the trial court did not abuse its discretion in refusing to permit the defendant from introducing a police report under the residual exception to the hearsay rule; and
(3) Did the Appellate Court properly affirm the trial court's refusal to admit expert witness testimony on the subject of eyewitness identification and memory retention?

State v. McClendon, 243 Conn. 943 (1997).

On May 11, 1999, the Connecticut Supreme Court affirmed the decision of the Connecticut Appellate Court. See State v. McClendon, 248 Conn. 572, 590.

In July 1995, the petitioner filed a state habeas petition challenging his conviction on the ground that he was not afforded effective assistance of counsel. In June 1998, the state habeas court dismissed the petition. The petitioner appealed the decision to the Connecticut Appellate Court. On June 27, 2000, the Connecticut Appellate Court affirmed the decision of the habeas court per curiam. See McClendon v. Commissioner of Correction, 58 Conn. App. 436, 755 A.2d 238 (2000) (per curiam). On October 2, 2000, the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the decision of the habeas court. See McClendon v. Commissioner of Correction, 254 Conn. 920 (2000).

On July 25, 2001, the petitioner filed this federal habeas petition raising eight grounds for relief. The petitioner argued that (1) the trial court improperly denied his motion to suppress identification; (2) the state's suppression of an exculpatory police report violated Brady v. Maryland, 373 U.S. 83 (1963); (3) the trial court improperly refused to permit the petitioner to introduce a police report under the residual exception to the hearsay rule; (4) the trial court improperly refused to admit expert witness testimony on the subject of eyewitness identification and memory retention in violation

2

of his federal constitutional rights to confront witnesses and present a defense; (5) the trial court erred in admitting other crimes evidence; (6) there was insufficient evidence of his identity to sustain his conviction for robbery; (7) counsel afforded him ineffective assistance at trial; and (8) the habeas court erred in denying his petition for certification to the Connecticut Appellate Court. On September 10, 2002, the court considered the respondents' motion to dismiss and concluded that the petition for writ of habeas corpus contained both exhausted and unexhausted claims. Pursuant to the Second Circuit's recommendation in Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001), the court granted the motion to dismiss as to the unexhausted grounds for relief in the petition for writ of habeas corpus, namely grounds four, five and six and granted the respondents' and the petitioner's motions for stay as to grounds one, two, three, seven and eight, the exhausted claims. See Zarvela, 254 F.3d 374 at 380-83 (internal citation omitted) (advising district courts to stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'").

The court directed the petitioner to commence exhausting his state court remedies as to grounds four, five and six within thirty days of the date of the Ruling and to file a notice in this case documenting his efforts to commence the exhaustion process within forty days from the date of the ruling. On October 15, 2002, the petitioner filed a notice and a copy of a petition for writ of habeas corpus filed in state court indicating that he had commenced a state habeas petition including grounds four, five and six.

On April 5, 2005, the court issued a ruling vacating the stay as to grounds one, two, three, seven and eight and dismissing all grounds in the petition without prejudice to reopening the petition. The Clerk entered judgment in the case on April 12, 2005.

The petitioner has filed a motion to reopen claiming to have exhausted claims four, five and six of his petition for writ of habeas corpus. As discussed below, the petitioner has in fact failed to exhaust his state court remedies as to those grounds.

The petitioner has also filed a motion for leave to file an amended petition for writ of habeas corpus. The proposed amended petition attached to the motion does not include grounds four, five or six of the original petition. The six claims in the proposed amended petition are described by the petitioner as follows: (1) the trial court's improper denial of his motion to suppress the identification of him by an eyewitness violated his Fourth, Fifth and Sixth Amendment rights; (2) the trial court's suppression of an exculpatory police report violated his Sixth and Fourteenth Amendment rights; (3) the trial court's refusal to permit him to introduce a police report under the residual exception to the hearsay rule violated his Fourteenth Amendment rights; (4) his attorney provided him with ineffective assistance of counsel at trial in violation of his Sixth and Fourteenth Amendments; (5) the trial court, appellate court and supreme court's denial of his first state habeas petition and refusal to grant him certification to appeal the dismissal of the habeas petition violated his Sixth and Fourteenth Amendment rights and (6) the trial court, appellate court and supreme court dismissal of his second state habeas petition as a successive petition violated his Sixth and Fourteenth Amendment rights.

4

The petitioner may have decided to abandon grounds four, five and six of the original petition, because the attachments to the proposed amended petition demonstrate that the petitioner did not exhaust his state court remedies as to those grounds when he filed his second state habeas petition in September 2002. The original petition filed in the state habeas matter included grounds four, five and six of the original petition filed in this action. See Pet'r Resp. (Doc. No. 16.) In November 2003, however, the petitioner filed an amended petition raising only claims of ineffective assistance of counsel. See McClendon v. Commissioner of Correction, No. CV20469477S, 2004 WL 1888857, at *1-2 (Conn. Super. July 21, 2004). On July 21, 2004, the state court granted the respondent's motion to dismiss on the ground that the amended petition was successive. See id. at *2.

The petitioner now attempts to include the two claims of ineffective assistance of counsel raised in his second state habeas petition in the proposed amended petition submitted in this action as subparts (4) and (5) of ground four.[1] The court did not stay this action to permit the petitioner to go back to state court to assert new claims of ineffective assistance of counsel. As these new claims were not included in the original petition filed in this action and the petitioner commenced his second state habeas including those claims almost two years after his first state habeas petition became final, those claims are barred by the one year statute of limitations. See 28 U.S.C. 2244(d); Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (the filing of a federal habeas petition does not toll the running of the one-year limitations period for filing a federal

---

[1] Ground Six of the proposed amended petition is also addressed to the new claims raised in the second state habeas petition.

5

habeas petition). Accordingly, the court will not permit the petitioner leave to reopen this case to add those claims.

The petitioner's Motion to Reopen [**Doc. No. 22**] and Motion for Leave to File an Amended Petition [**Doc. No. 23**] are **DENIED**. If the petitioner seeks to pursue the claims in the proposed amended petition which have been asserted in a timely manner and are exhausted, namely grounds one, two, three, five and subparts (1), (2) and (3) of ground four, then he may file a new motion to reopen judgment and motion for leave to amend accompanied by a proposed amended petition including those grounds only. Such a new Motion to Reopen and Motion to Amend must be filed by June 30, 2006, or petitioner will lose his right to reopen.

**SO ORDERED.**

Dated this 30th day of May, 2006, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

6