UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHARLIE J. McCLENDON

   The Petitioner's

                                   CIVIL NO.

                                   3-01-CV-1490-(JCH)

   V.

STATE OF CONNECTICUT ATTORNEY
GENERAL, RICHARD BLUMENTHAL,
COMMISSIONER OF CORRECTIONAL,       Date.
THERAZ C. LANTZ.                     FEBRUARY 20, 2007.

## MOTION FOR APPOINTMENT OF LEGAL ASSISTANCE

Petitioner'r is requesting, to be allowed, his Constitution Rights, to access the Court, by being appointed some kind of legal asistance, by the state of Connecticut.

    Petitioner's Constitution Rights, to access the court is being denied. Petitioner's is requesting some form of legal assistance be provided to him as a Pro-Se inmate, in the preperation, drafting and filing of legal papers for him in challenging his State Conviction, in a collateral proceeding.

    The Supreme Court, has stated, it is now established beyond doubt prisoners have a Constitutional Rights, to access the Court. **Bounds v. Smith**, 430 U.S. 817, at 821, (1977).

**Lewis v. Casey, 518 U.S. 135. (1996).** The Court have cited the Due Process Clause. The Euuel Protection Cleuse. The First Amendment, and The Privileges and Immuities Clause, of Article 1v of The Constitution as the basis for the rights. **MURRAY V. Gearrantanno, 492, U.S. 1, (1989).**

Prisoner's, must be permitted Court access that is adequate, effective, and meaningful. **Bounds v. Smith, Id at 822.** The rightof access to extends to Post-Conviction Proceeding such as habeas corpus petition. **Bounds v. Smith, Id at 827.** ( Original action seeking new trial release from confinement, a vindication of Fundamental Rights ). ( Ofeeld v. Alabama, **public Service Commission, 936 F.2d 512, at 517. " 11 Cir 1991"**). ( Rights of Court access is stronest with respect to direct and Collateral Appeals of criminal covicion. ) The Petitioner's cliams, because he is not being provided with any form of legal assistance, be the State of Connecticut, as orderd bt the supreme court, in **Lewis v. Cosey 116 sct (1996).** The Petitioner's say he is prejudice by the Failure of the State of Connecticut, on the court to provided him with legal assistance, in challeging in his State convication, in a collateral proceeding before a district court. Legal assistance, is for the basis of the right of access to court. What is necessary, to avoid preudice to Petitioner's is to provided him with a legal assistance train in law. **Knoff v. Johnson, 977 F.2d 996 at 1000 (6th Cir 1992).** (Meaningful court access entitle not only the drafting of con- plaints and petition, for relief, but also the drafting of re- sponce to motion dismiss and the drafting of objection to

magistrats report and remandation.) (Meaning access denied because State failed to provided, compatant paralegal to assist inmate. Paralegal defines as intellegant lay-personer, who can write coherent english, and has had modicum of expoawe to legal reseach, and prison rights law.) **Milton v. Morris, 767 F.2d 1443, at 1447. (9th Cir 1985 ).** (Right of access violate by denial of access to law libraries and legal assistance) The Supreme Court, of Connecticut, has follows the United States Supreme Court, when The U.S. sct. decided **Lewis v. Cosey 116 sct. (1996).** The State of Connecticut, in the same year issued its own decision, protecting inmate Constitution Rights. to access the Courts, and to have assistance in challenging their State conviction, directly or collaterally. In the case of **Washington v. Meachum 238 Conn. 692, at 735,736. (1996).** (It is now established, beyond doubt that prisoners have a Constitution Rights of access to courts, and that such access, must be adequate, effective and meaningful) **Id at 735.** Decision of the United States Supreme Court have constancely require States to shadden affirmative obligations to assure all prisoners meaningful access to Courts. The tools it requires to be provided are those that the inmate needs in order to attack their sentences, directly, or collateral. **Jonhson v. Avery, 393 U.S. 483, at 485 (1969).** Prisoners Rights of access to Courts may not be denied or obstruction.

The Petitioner's request that the Federal Court, protect his Rights of access to the Courts. And orderd the State of Connecticut, to provided him with some form of legal assistance -

in the form of drafting and filing papers, meaningful papers on his behalf.

**U.S. V. Kind 194 F.3d 900 (8th Cir 1999)** Pro-Se defendant have Rights of access to adequate law libraries of adequate assistance from persons trained in law. The State institutions, do not have Law Libraries. **Bouyulslausky v. Kaplan, 159 F.ed 715 (2nd Cir 1998)** Pro-Se litigants in allowed some degree of flexibilty in pleading his action.

Haine v. Kerner, 404 U.S. 519, 30 Led 2d 652, 92 sct 594 (1972). Pro-Se litigants pleanding are to be construed liberally and held to less stringant standard than found pleading drafting by lawyers. If Courts, can reasonably read pleadings to State valid on which litigant could prevail, it should do so despite failure to cite proper legal authority. Confusion of legal theories, poor syntax and sentence consturstion, or litigaens unfamiliarity with pleading requirments.

THE Petitioner's request this Court, to appoint him legal assistance. Under his Constitution Rights.

Wherefore, The Court should grant this motion.

*Charlie McClendon*
Charlie J. Mcclendon
1153 East Street South
Macdougall C.I.
Suffield, Conn. 06080.

## CERITIFICATION

Petitioner's certifies a true cope of the foregoing motion, has been mailed to Respondent's Counsel, Carolyn K. Longstreth, Esq, Assistance State Attorney 300 Corpoate Place, Rocky Hill, Conn. 06067. On this day of, February 20, 2007.

*Charlie McClendon*

Charlie J. Mcclendon
1153 East Street South
Macdougall C.I.
Suffield, Conn. 06080.