UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLIE J. MCCLENDON | : |
| | : |
| | : PRISONER CASE NO. |
| v. | : 3:01cv1490 (JCH) |
| | : |
| STATE OF CONNECTICUT, et al. | : MARCH 8, 2007 |
| | : |

**RULING ON PENDING MOTIONS**

The petitioner, Charlie McClendon, is currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on the charges of felony murder, first degree robbery and attempted robbery. Pending before the court is the petitioner's motion to reopen and motion for leave to file an amended petition. For the reasons set forth below, the motion is granted.

In January 1993, in the Connecticut Superior Court for the Judicial District of Hartford/New Britain, a jury convicted the petitioner of two counts of felony murder, two counts of robbery in the first degree and one count of criminal attempt at robbery in the first degree. On February 19, 1993, the judge sentenced him to a total term of imprisonment of 140 years. On July 15, 1997, the Connecticut Appellate Court affirmed the conviction. See State v. McClendon, 45 Conn. App. 658, 679, 697 A.2d 1143, 1153 (1997). The petitioner filed a petition for certification to appeal from the decision of the Connecticut Appellate Court. On November 6, 1997, the Connecticut Supreme Court granted certification on three issues: (1) did the Appellate Court properly conclude that

the trial court correctly held there was probable cause to support a warrant authorizing the seizure of the defendant for line-up and voice sample; (2) did the Appellate Court correctly conclude the trial court did not abuse its discretion in refusing to allow the defendant to introduce a police report under the residual exception to the hearsay rule; and (3) did the Appellate Court properly affirm the trial court's refusal to admit expert witness testimony on the subject of eyewitness identification and memory retention. On May 11, 1999, the Connecticut Supreme Court affirmed the decision of the Connecticut Appellate Court.  See State v. McClendon, 248 Conn.  572, 590, 730 A.2d 1107, 1116 (1999).

In July 1995, the petitioner filed a state habeas petition challenging his conviction on the ground that he was not afforded effective assistance of counsel.  In June 1998, the state habeas court dismissed the petition.  The petitioner appealed the decision to the Connecticut Appellate Court.  On June 27, 2000, the Connecticut Appellate Court affirmed the decision of the habeas court per curiam.  See McClendon v. Commissioner of Correction, 58 Conn. App. 436, 755 A.2d 238 (2000) (per curiam).  On October 2, 2000, the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the decision of the habeas court.  See McClendon v. Commissioner of Correction, 254 Conn. 920, 759 A.2d 1025 (2000).

On July 25, 2001, the petitioner filed this federal habeas petition raising eight grounds for relief.   The petitioner argued that (1) the trial court improperly denied his motion to suppress identification; (2) the state's suppression of an exculpatory police report violated Brady v. Maryland, 373 U.S. 83 (1963); (3) the trial court improperly refused to permit the petitioner to introduce a police report under the residual exception

to the hearsay rule; (4) the trial court improperly refused to admit expert witness testimony on the subject of eyewitness identification and memory retention in violation of his federal constitutional rights to confront witnesses and present a defense; (5) the trial court erred in admitting other crimes evidence; (6) there was insufficient evidence of his identity to sustain his conviction for robbery; (7) counsel afforded him ineffective assistance at trial; and (8) the habeas court erred in denying his petition for certification to the Connecticut Appellate Court.  On September 10, 2002, the court considered the respondents' motion to dismiss and concluded that the petition for writ of habeas corpus contained both exhausted and unexhausted claims.  Pursuant to the Second Circuit's recommendation in Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001), the court granted the motion to dismiss as to the unexhausted grounds for relief in the petition for writ of habeas corpus, namely grounds four, five and six, and granted the respondents' and the petitioner's motions for stay as to grounds one, two, three, seven and eight, the exhausted claims.  See Zarvela, 254 F.3d at 380-83 (advising district courts to stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'"). (citations omitted).

      The court directed the petitioner to commence exhausting his state court remedies as to grounds four, five and six within thirty days of the date of the ruling and to file a notice in this case documenting his efforts to commence the exhaustion process within forty days from the date of the ruling.  On October 15, 2002, the petitioner filed a notice and a copy of a petition for writ of habeas corpus filed in state court indicating that he had commenced a state habeas petition including grounds four,

five and six.

On April 5, 2005 , the court issued a ruling vacating the stay as to grounds one, two, three, seven and eight and dismissing all grounds in the petition without prejudice to reopening the petition.   The Clerk entered judgment in the case on April 12, 2005.

On March 17, 2006, the petitioner filed a motion to reopen claiming to have exhausted claims four, five and six of his petition for writ of habeas corpus.  On May 30, 2006, the court denied the motion because the petitioner had not in fact exhausted grounds four, five and six of his original petition and the proposed amended petition included new unexhausted claims.   The court informed the petitioner that if he intended to proceed as to the exhausted claims only, he must file a new motion to reopen with a proposed amended petition containing the exhausted claims.

The petitioner has filed a renewed motion to reopen and a motion for leave to file an amended petition.  The proposed amended petition includes only claims that petitioner has exhausted in state court.   Accordingly, the Motion to Reopen [**Doc. No. 25**] and Motion for Leave to File an Amended Petition [**Doc. No. 26**] are **GRANTED**.  The Clerk is directed to reopen this case and to docket the proposed amended petition.  **SO ORDERED**.

Dated at Bridgeport, Connecticut, this 8th day of March, 2007.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge