# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254
## BY A PERSON IN STATE CUSTODY

CHARLIE J. McCLENDON 107421
_____, Petitioner,
Full Name and Prisoner Number

CHESHIRE CORRECTION INST.
Complete Prison Address (Place of Confinement)

900 HIGHLAND AVENUE

CHESHIRE CT. 06410

Case No. 3-01-CV-1490-(JCH)
(To be supplied
by the Court)

v.
STATE OF CONNECTICUT
ATTORNEY GENERAL
RICHARD BLUMANTHAL
_____, Respondent,
(Name of Warden or authorized person
having custody of petitioner)
(Do not use *et al.*)

and
COMMISSIONER OF CORRECTION

THERESA C. LANTZ Additional Respondent.
(List additional persons having custody
of petitioner, if any)

Note: If the applicant is attacking a judgment which imposed a sentence to be served in the future, applicant must fill in the name of the state where the judgment of conviction was entered.  If the applicant has a sentence to be served in the future under a federal judgment, which he/she wishes to attack, he/she should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.

## CONVICTION UNDER ATTACK

1)    Name and location of the court which entered the judgment of conviction under

attack  SUPERIOR COURT HARTFORD/NEW BRITAIN AT HARTFORD 101 LAFAYETTE STREET

HARTFORD CT. 06106

2)    Date judgment of conviction was entered  FEBRUARY 19, 1993.

3)    Case number (in state court) CR-89372775

4)    Type and length of sentence imposed  140 Years

5)    Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion?  Yes ___    No xx

6)    Nature of the offense involved (all counts) TWO COUNTS OF FELONY MURDER, TWO

COUNTS OF FIRST DEGREE ROBBERY And FIRST DEGREE ATTEMPTED ROBBREY.

7)    What was your plea? (check one)
Not Guilty xx   Guilty ___   Nolo Contendere ___

8)    If you entered a guilty plea to one count or indictment, and a not guilty plea to another court or indictment, give details:

NO

9)    If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement  NO

10)    Kind of trial (check one)    Jury xx Judge only ___

11)    Did you testify at trial? Yes ___  No xx

## DIRECT APPEAL

12)    Did you appeal from the judgment of conviction?        Yes xx  No __

13)    If you did appeal, give the name and location of the court where the appeal was filed, the result, the case number and date of the court's decision (or attach a copy of the court's opinion or order):

  HARTFORD STATE'S SUPMERE COURT 95 WASHINGTON STREET. HARTFORD CT. 06106.The

Case was denied.Case number 15529.45 Conn.App.658 And 243 Conn.943. I have

 enclosed a copy of the Appellat and the State's supreme court decision.

14)    If you did not appeal, explain briefly why you did not:

a)    Did you seek permission to file a late appeal? Yes __ No __

## POST-CONVICTION PROCEEDINGS

15)    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?      Yes XX No __

16)    If your answer to 15 was "Yes," give the following information:

   a)    FIRST petition, application or motion.

      1.    Name of court HARTFORD SUPRIOR COURT

      2.    Nature of proceeding HABEAS CORPUS PETITION

      3.    Claims raised PETITIONER'S COUNSELS WAS INEFFECTIVE IN ASSISTANCE

            HIM

      4.    Did you receive an evidentiary hearing on your petition, application or motion? Yes XX No __

      5.    Result The Habeas Corpus court denied and dismissed it

      6.    Date of result June 30, 1998

3

7.    Did you appeal the result to the highest state court having jurisdiction? Yes <u>XX</u> No __  If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

Hartford Appellate-Supreme Court. The Appellate and Supreme dismissed

it. I have enclosed a copy of the decisions

8.    If you did not appeal, briefly explain why you did not _____

_____

_____

b) As to any SECOND petition, application or motion, give the following information:

1.    Name of court _____

2.    Nature of proceeding _____

_____

3.    Claims raised _____

_____

4.    Did you receive an evidentiary hearing on your petition, application or motion? Yes <u>✓</u> No __

5.    Result _____

6.    Date of result _____

7.    Did you appeal the result to the highest state court having jurisdiction? Yes __ No __  If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) ___

_____

_____

_____

_____

4

8.   If you did not appeal, briefly explain why you did not _____

_____

c) As to any THIRD petition, application or motion, give the following
information:

1.   Name of court _____

2.   Nature of proceeding _____

_____

3.   Claims raised _____

_____

4.   Did you receive an evidentiary hearing on your petition, application
or motion?  Yes ___ No ___

5.   Result _____

6.   Date of result _____
7.   Did you appeal the result to the highest state court having
jurisdiction?  Yes ___ No ___   If you did appeal, give the name of the court
where the appeal was filed, the result, the case number, citation and date
of the court's decision (or attach a copy of the court's opinion or order) ___

_____

_____

_____

8.   If you did not appeal, briefly explain why you did not _____

_____

_____

CLAIMS

17) State concisely every claim that you are held unlawfully, summarize briefly the facts supporting each claim, If necessary, you might attach extra page stating additional claims and support ing fact, you should raise in this petition all claim for relief which relate to the conviction under attack.

In order to proceed in Federal Court, you ordinarily must exhuast the remedies available to you in State Court as to each claims on which you request action by the Federal Court.

CLAIM ONE: THE TRAIL COURT, THE APPELLATE COURT, AND THE STATE SUPREME COURT, DENY THE PETITIONER'S HIS FEDERAL CONSTITUTION RIGHTS, TO SUPPRESSED. On two grounds, the search and seizure warrant authorizing the line-up and voice simple of the petitioner's, and the identification proceduers employed was unnecessary suggestive.

(1) SUPPORTING FACTS: The petitioner's moves, pursuant to the Fourt, Five and Six Amedments to the Federal Constitution of the United States, for an order suppressing as the fruits of an illegal search and seizure, any photogrepher, video or auido tape recording of the petitioner's person and voice a- lone with and coropeal identification of the petitioner's made as a result of the line-up conducted on September 15, - 1989. IN that

(1) The affidavit in support of the search and seizure warrant utilized to obtained said evidence contain insuffient facts from which to make an independent finding of probable cause.

(2) Said evidence was the result of unlawfully seizure of the petitioner's person.

(3) Said evidence aws obtain without petitioner's consent.

6

The petitioner's also moves, pursuant to the Fourt, Five, and Six Amendments of the Federal Constitution. To suppress, as evidence, any identification testimony concerning the petitioner's by, but not limited to, Darlene Hale, regarding either a pretrail or in-court identification. Which the State's used at the time of trail

(1) The identification procedure empoled was unnecessary suggest-ive.

(2) The in-court identification was irretrievably tainted by the prior illegal identification and thus lack an independent basis.

(3) Any identification offered would failed to meet the standard reliability.

(4) The identification was the product of an illehal custody.

(2) STATEEMENT OF EXHAUSTION OF STATE REMEDIES AS TO CLAIM ONE: <u>Direct Appeal</u>

    (A) If you appeal from the judgment of convication, did you raise this issue? Yes <u>XX</u> No <u>    </u>

    (B) If you did not raise this issue in your direct appeal explain briefly why you did not. <u>               </u>

<u>POST-CONVICTION PROCEEDING</u>

    (C) Did you raise this issue by means of post-convition motion or

(D) If your answer to (c) is "Yes) state the type of motion or petition, the name of the location of the court where the motion or the petition was filed, the case number (If known) the result and the date of the court decision._____

_____

_____

(E) Did you receive a evidentiary hearing on your motion or petition? Yes_____ No_____

(F) Did you appeal from the denial of your motion or petition? Yes_____ No_____

(G) If your answer to (F) is "yES" state whether this issue was raise in your appeal, Yes___ No___, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision. ( Or attach a cope of the court's opinion or order)_____

_____

(H) If your answer to question (E), (f), Or (g) is "No" briefly explain._____

_____

OTHER REMEDIES

(I) Describe all other procedures (Such as administrative remedie , etc) you have used to exhausted your state remedies as to the issue_____

_____

_____

8

CLAIM TWO: <u>THE TRIAL COURT, AND THE APPELLATE COURT, DENY THE
PETITIONER'S HIS FEDERAL CONSTITUTION RIGHTS. THAT THE
PROSECUTION'S SUPPRESSION OF DETECTIVE FAGGIANI'S EXCUL-
PATORY POLICE REPORT REQUIRES A NEW TRIAL.</u>

**(1) SUPPORTING FACT:** The petitioner's moves, pursuant to the Six
and Fourteenth Amendment to the United StatesFederal Constitution
for an oder declearing a new trial.

For the following reason: 1. On November 25, 1992. the State's
disclosed to the petitioner's a copy of a police report prepared
and signed by Detective Faggiani's. 2. Said report contain excul-
patory informtion concerding the identification of the petitioner
by Darlene Hale,and therefore should have been disclosed pursuant
to the petitioner's probable cause hearing. 3. Said police report
contain material which is crucail to the effective-cross-exaimin-
tion, of Darlene Hale, and which could reasonable have affected
her credibility. 4. Failure ofthe state's to timely disclosed
said police report at the approate time constitution substantial,
and irreparable prejudice to the petitioner's case.

Prior to the beginning of the petitioner's probable cause hearing
October 31,1989. The petitioner's was granted motion his motion
for prelimiary disclosure and production and compel preservation
of potentialy discoverable materals. The Court's found probable
cause and the case proceeded to trial. Between the probable cause
hearing and the trial, the petitioner's continued to seek dis-
covery of exculpatory information. Evidence portion of the trial
commenced on November 18,1992. Five days into the state's case,
after the State's chief witness (Darlene Hale) had testified, on
NOvember 25,1992. The State's disclosesed an exculpatory police
report written by Detective Faggiani's. In that police report
Faggiani's, who had died a year and a half, to two years before
the NOvember 18,1992 trial, but at least a year after the october
31,1989, probable cause hearing, related that " Ms. Hale was made

awear that an arrest was insight concerning said incident, and that she have nothing to fear from the suspect, since he is currently incarcerated for other crimes. Ms. Hale ststed since she didn't see the culprit face at the time of the robbery/murder, she wouldn't be able to make an identification. Ms. Hale stated it was **Assumption**, on her part that the black man who enter minutes before was the one responsble. Ms. Hale stated she based this on partial clothing she observed on the culprit at the time of the incident. Ms. Hale stated, after the frist male left when receiving a job application, was seated at her desk, that she felt what appered to be a gun to her head.That a black male order her to not turn around. That it was at this time, that she observed the arm of a black male. That she recalled a light blue shirt with the sleevee were rolled up two to three time. Ms. Hale stated, that she was seven moths pregant at the time and scared. That all she really remember was the gun to her head " The trial court's found the Faggiani's police report to be excolpatory, but ruled the prejudice was minimal.


**(2) STATEMENT OF EXHAUSTION OF STATE REMEDIES AS TO CLAIM TWO:**

### Direct Appeal

(A) If you appeal from the judgment of conviction, did you raise this issue? Yes_XX___  No_____

(B) If you did not raise this issue in your direct appeal explain briefly why you did not_____

### POST-CONVICTION PROCEEDING

(C) Did you raise this issue by means of post-conviction motion or petition for habeas corpus in state court? Yes_____  No_XX___

(D) If your answer to (c) is "Yes" state the type of motion or petition, the name of the location of the court's where the motion or petition was filed, the case number (If known) the result and the date of the court's decision._____

_____

_____

(E) Did you receive a evidentiary hearing on your motion or petition ? Yes_____ No_____

(F) Did you appeal from the denial of your motion or petition? Yes_____ No_____

(G) If your answer to (f) is "Yes" state whether this issue was raise in your appeal, Yes____ No____, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision. (or attach a cope of the court's opinion or order)_____

_____

_____

(H) If your answer to question (E), (f), OR (g) is "No" briefly explain._____

_____

OTHER REMEDIES

(I) Describe all other procedures (Such as administrative remedie , etc) you have used to exhausted your state remedies as to the issue_____

_____

_____

CLAIM THREE: <u>THE TRIAL COURT, THE APPELLATE COURT AND THE STATE</u>
<u>SUPREME COURT, DENY THE PETITIONER'S HIS FEDERAL CONSTITU-</u>
<u>TION RIGHTS, TO PERMIT THE PETITIONER'S TO INTRODUCE A</u>
<u>POLICE REPORT UNDER THE RESIDUAL EXCEPTION TO THE HEARSAY</u>
<u>RULE</u>

**(1) SUPPORTING FACT:** The petitioner's moves, pursuant to the Six and Fourteen Amendments to the United State Federal Constitution, for an order, for a new trial.

For the following reason:

     1. The rights of accused in a crimial trial to due process. The rights to a fair opportunity to defend against the state's accusation. The right to confront and cross-exaimine witnesses, to call witnesses in one's own behalf.

     2. The police report was exculpatory, reliable and trustworty. The evidence in Detective, Faggiani, police report squarely, undermind the testimony of the state's only identification witness.

     3. After the court's deined the petitioner's motion for a mistrial, based on the state's failure to timely disclosed the Faggiania, police report, the petitioner's sought to amit the police report under the reidual exception to the hearsay rules.

12

(2) STATEMENT OF EXHAUSTION OF STATE REMEDIES AS TO CLAIM THREE:

       Direct Appeal

     (A) If You Appeal From The Judgment Of Conviction, Did You Raise This Issus? Yes__XX__ No_____

     (B) If You Did Not Raise This Issus In You Direct Appeal, explain Briefly why You Did Not_____

_____

_____

_____

POST-CONVICTION PROCEEDING

     (C) Did You Raise This By Means Of A Post-Conviction Motion Or Petition For Habeas Corpus In A State Court Trial  Yes____  No_XX_

     (D) If Your Answer To (C) Is "Yes" State The Type Of Motion Or Petition, The Name, And Lotion Of The Court Where The Motion Or Petition Was Filed, The Case Number(If Known), The Result And The Date Of The Court Decision.

_____

_____

_____

(E) Did You Received A Evidentiary Hearing On Your Motion Or Petition ?

Yes_____ No_____

(F) Did You Appeal For The Deniel Of Your Motion Or Petition ?

Yes_____ No_____

(G) If Your Answer To (F) Is "Yes" State Whether This Issue Was Raise In The Appeal, Yes___ No___ And State The Name And Lotion Of The Court's Where The Appeal Was Filed, The Case Number, And The Date Of The Court's Dicision
(Or attach a copy of the court opinion or order)

_____

_____

_____

(H) If Your Answer To (e), (f), or (g) Is "No" Brief Explian _____

_____

_____

<u>OTHER REMEDIES</u>

(I) Describe All Other Procedures (Such as administrative remedies, etc. ) You Have Use To Exhaust Your State Remedies To The Issue

There Was No Other _____

_____

_____

CLAIM FOUR:

THE PETITIONER'S WAS DENIED HIS SIX AND FOURTEENTH ADMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL. In-so-far as his trial counsels failed, to provided repersentation within the requirement of competent, assistance. Those omissions were prejudicial to the petitioner's defence.

SUPPORTING FACT: The petitioner's moves, pursuant to the Six and Fourteenth – Admendment to the United States Constitution, for a order for a new trial, for the following reason.

(1). Petitioner's trial counsels, refused petitioner's request to impeached the State's chief witness, ( Darlene Hale Kelley ) on her two years prior inconsistent  statement.

(2). Petitioner's counsels refused petitioner's request to called four defence witnesses ( Iram Grimes/Ellen Knight ) two of the trial counsels own investi-gator, from the Hartford Public Defender Office, and the petitioner's cusin ( James – Dennis ) and a Charles Oqeiroge, to refute the State only chief witness, ( Darlene Hale Kelley ) September 15, 1989 identification.

(3). The Petitioner's trial counsels refused petitioner's request to called the State s chief witness, Darlene Hale Kelley. to the stand for impeachment purpose doing the defence cases, because of fear of calling the State's chief witness Darlene Hale Kelley a lier.

From the Petitioner's arrest on August 13, 1887. The Petitioner's became the prime
suspect of the said incident, as the following day August 14, 1987. The Petitioner's
photos was shown to the State's chief witness ( Darlene Hale Kelley ) Ms. Hale, stated
to the leanding investigator office at the time, Det, Omiecinski, " She know who the
Petitioner's is, and he is not the culprit " After months of harassment from the police
department, while incarcerated, the Petitioner's notify his attorney, Susuan Strony,
on December 8, 1987. Trail counsel, Susuan Story, sent two of her investigator, Iram
Grimes, and Ellen Knight, both spoke to Ms, Hale, Ms. Hale volunteerrly to indicate
" She was shown a photo's of this Charlie Mcclendon, bt Det, Omiecinski who stated,
was the prime suspect of the incident " Ms. Hale, stated " She inform Det, Omiecniski,
she know who this charlie Mcclendon was because he had filled out a job application
before, and he has a cusin by the name of James Dennis, who work with her at C&K "
Ms. Hale, stated to the investigators, " She was being pursued to make a identification
on Charlie Mcclendon, ( Petitioner's ) by Det, Omiecinski, " Ms. Hale, Stated " Det,
omiecinski, tryed to make her feel like it was her failt they (Cop) haven't made an
arrest " Ms. Hale stated, " Det, Omiecinski, told her this suspect Charlie Mcclendon,
have 14th robberies, and one of the robberies, he shot an old man in the leg, with the
same gun that he used to killed this people at C&K, and because you wont make an identi-
fication on him, we (Cop) cant make an arrest on him. "

(2) STATEMENT OF EXHAUSTION OF STATE REMEDIES AS TO CLAIM FOUR:

Direct Appeal

(A) If You Appeal From The Jugdment Of Conviction, Did You Raise This Issue? Yes___ No XX

(B) If You Did Not Raise This Issue In Your Direct Appeal, Explain Briefly Why You Did Not  Hartford Supreme Court, do not hear

ineffective assistance of counsel, on direct appeal.

PSOT-CONVICTION  PROCEEDING

(C) Did You Raise This Issue By Means Of Post-Conviction Motion Or Pitition For Habeas Corpus In A State Court? Yes XX  No_____

(D) If Your Answer To (C) Is "Yes" State The Type Of Motion Or Pitition, The Name And Location Of The Court Where THe Motion Or Pitition Was Filed, The Case Number (If known), The Result, And The Date Of the Court's Decision. The Appellate Court, And The State's Supreme Court 95,

   Washington Street, Hartfort, Connecticut.06106

(E) Did You Received An Evidentiary Hearing On Your Motion Or Pitition ? Yes XX No___

(F) Did You Appeal From The Denial Of Your Motion Or Petiton ? Yes XX  No_____

(G) If Your Answer To (F) Is "Yes" State Whether This Issue Was Raise In The Appeal, Yes XX No___ And State The Name And Location Of The Court Where The Appeal Was Filed, The Case Number And The Date Of The Court

Decision ( Or attach a copy of the court's opinion or order)  Hartford

Appellate—Supreme Court 95 Washington Street, Hartford Connecticut. 06106

(H) If Your Answer To (E), (F), or (G) Is "No" Briefly Explain _____

_____

OTHER REMEDIES

(I) Descrribe All Other Precedures ( Such as administrative remedies, etc.) You

Have Used To Exhust Your State Remedies As To The Issue.   There Was No

  Other Remedies _____

_____

## CLAIM FIVE:

THE HABEAS COURT, THE APPELLATE COURT, AND THE STATE SUPREME COURT, DENY THE PETIT-
IONER'S HIS FEDERAL CONSTITUTION, TO APPEAL ITS DISMISSAL OF THE PETITION FOR WRIT
OF HABEAS CORPUS, AND ITS DETERMINATION THAT THE PETITIONER'S WAS NOT DENIED
EFFECTIVE ASSISTANCE OF COUNSEL.


(1). SUPPORTING FACT: The Petitioner's moves, pursuant to the Six and Fourteenth,
    Amendent to the United States Constitution. That this Court's find that the
Habeas Court, Appellate Court and The State Supreme Court, deny the Petitioner's
his Federal Constitution Rights, to  cerification to appeal its dismissal of the
petition for writ of Habeas Corpus. And its determination, that the Petitioner's
was not denied effective assistance of counsel.

        For the following reason:


        (1). That the issue are debatable among juists of reason, that a Court
resolve the issue in a different manner.


        (2). That the Petitioner's was denied effective assistance of counsel.


        (3).  The Petitioner's demonstrated at his Habeas Corpus Hearing, that
his trial counsels performance was deficent and from that deficient, the Petit-
ioner's was prejudice.

(2) STATEMENT OF EXHAUSTION STATE REMEDIES AS TO CLAIM FIVE

<u>Direct Appeal</u>

   (A) If You Appeal From The Judgement Of Conviction, Did You Raise This
       Issue? Yes_____ No <u>XX</u>

   (B) If You Did Not Raise This Issue In Your Direct Appeal, Explian Briefly
       Why You Did Not <u>The State Supreme Court's do not hear ineffective</u>

<u>assistance of counsel, on direct appeal</u>

<u>POST-CONVICTION PROCEEDING</u>

   (C) Did You Raise This Issue By Means Of Post-Conviction Motion Or Petition
       For Habeas Corpus In A State Court's? Yes <u>XX</u>   No_____

   (D) If Your Answer To (C) Is "Yes" State The Type Of Motion Or Petition, The
       Name And The Location Of THe Court's Where The Motion Or Petition Was
       Filed, The Case Number (If known), The Result And The Date Of The Court's
       Decision. <u>Petition, Ineffective Assistance Of Counsel, Hartford Superior</u>
<u>Court , Hartford-New Britain.  Case cite enclosed</u>

_____

   (E) Did You Received An Evidentiary Hearing On Your Motion Or Petition?
       Yes <u>XX</u>  No_____

   (F) Did You Appeal From The Denial Of Your Motion Or Petition?
       Yes <u>XX</u>  No_____

_____

   (G) If Your Answer To (F) Is "Yes" State Whether This Issue Was Raise In The
       Appeal, Yes <u>XX</u>  No_____ , And State The Name And The Location Of The Court
       Where The Appeal Wase Filed, The Case Number And The Date Of The Court's
       Dicision.

(H) If Your Answer To Question (E), (F) Or (G)  Is No, Briefly Explain.

_____

_____

_____

OTHER REMEDIES

   (I) Describe All Other Procedures ( Such as adminatrative remedies,

       etc,) You Have Used To Exhauset Your State Remedies As To The

       Issue. There was none                 . _____

_____

   (J) Have All Claims For Relief Raise In This Petition Been Presentd To

       The Highest Court Having Jurisdiction? Yes__XX____   No_____

   (H) If You Answer "No" To Question (J) State which Claims Have Not Been

       So Present._____

_____

   (L) If Any Of The Claims Listed In The Application Were Not Previously In

       Any Other Court, State Or Federal, State Briefly what Claims Were Not

       So Present, And Give Your Reason For Not Presenting Them.

_____

_____

21

21) Have you previously filed any type of petition, application or motion in a federal court regarding the conviction under attack? Yes __ No xx

If "Yes," answer the following and attach a copy of the court's decision for each petition, application, or motion filed:

    a)    Name and location of court _____

    b)    Type of proceeding _____

    c)    The issues raised _____

    d)    The result _____

## SUCCESSIVE APPLICATIONS

This court is required to dismiss any claim presented in a second or successive petition that the federal court of appeals has authorized to be filed unless the applicant shows that each claim satisfies the requirements of 28 U.S.C. § 2244, *as amended* by Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 106, 110 Stat. 1214 (Apr. 24, 1996).

22) If you are raising a claim which you have not presented in a prior application, have you obtained an order from the United States Court of Appeals for the Second Circuit authorizing this district court to consider the application? Yes __ No xx If "Yes," please attach a copy of the order.

23) Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack? Yes __ No xx If "Yes," state the name of the court, case file number (if known), and the nature of the proceeding _____

## LEGAL REPRESENTATION

24)  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing  LAWRENCE HOPKINS and FRED DECAPRIO and SUSUAN

STORY.

(b)  At arraignment and plea  LAWRENCE HOPKINS and FRED DECAPRIO

(c)  At trial  SUSUAN STORY and FRED DECAPRIO

(d)  At sentencing  SUSUAN STORY and FRED DECAPRIO

(e)  On appeal  ELIZABETH M. INKSTER. 2911 Dixwell ave. Hamden CT. 06518

For the Appellat and the Supreme Court.

(f)  In any post-conviction proceeding  THOMAS M. CONROY, 685 Boston Post Road

Madison CT. 06443

(g)  On appeal from any adverse ruling in a post-conviction proceeding

JAMES A. SHANLEY, 724 Boston Post Road. Madison CT. 06443 and

MATTHEW GILBRIDE 23 East Main St. Clinton CT. 06413

## OTHER CONVICTIONS

25)  Were you sentenced on more than one count of an indictment or on more than one indictment, in the same court and at the same time?  Yes  xx  No ___

26)  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?  Yes ___ No  xx

(a)  If so, give name and location of court which imposed sentence to be served in the future

(b)  and give date and length of service to be served in the future _____

_____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the
judgment which imposed the sentence to be served in the future?  Yes __ No __

Wherefore, petitioner prays that the court grant him such relief to which he may be
entitled in this proceeding.

_____        _Charlie McFadden_
Signature of Attorney (if any)        **Petitioner's Original Signature**

                        _1 0 7 4 9 1_
                        **Petitioner's Inmate Number**

_____

_____

Attorney's Full Address and
Telephone Number

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the petitioner
in this action, that he/she has read this petition and that the information contained in
the petition is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _Cheshire_    on _June 20, 2006_
        (Location)            (Date)

                _Charlie McFadden_
                **Petitioner's Original Signature**

24