UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLIE J. McCLENDON, | : | PRISONER |
| Petitioner, | : | Case No. 3:01 CV 1490 (JBA) |
| v. | : | |
| STATE OF CONNECTICUT, et al., | : | JULY 13, 2007 |
| Respondents. | : | |

**MOTION FOR EXTENSION OF TIME TO
COMPLY WITH ORDER TO SHOW CAUSE**

Pursuant to Rule 7(b) of the Local Rules of Civil Procedure for the District of Connecticut, the respondents hereby request an extension of time of sixty days, or until **September 11, 2007**, to file his response to the petitioner's habeas corpus petition. This is the respondents' second request for an extension of time with respect to the court's order to show cause dated April 25, 2007. The undersigned counsel was unable to contact the *pro se* petitioner in this case to determine whether he objects to the respondent's request because the petitioner is currently an inmate at the MacDougal-Walker Correctional Institution in Somers, Connecticut.

The grounds for this motion are as follows:

1. After a jury trial in the Judicial District of Hartford/New Britain, the petitioner was convicted of two counts of felony murder, in violation of General Statutes § 53a-54c, two counts of robbery in the first degree, in violation of General Statutes § 53a-134, and attempted robbery in the first degree, in violation of §§ 53a-49 and 53a-134. On February 19, 1993, the trial court, *Koletsky, J.*, sentenced the petitioner to a total effective sentence of imprisonment for one hundred and forty years.

2.    The petitioner appealed to the Connecticut Appellate Court, which affirmed his conviction on July 9, 1996. State v. McClendon, 45 Conn. App. 658, 697 A.2d 1143 (1997). The petitioner filed a petition for certification to appeal which was granted by the Connecticut Supreme Court on November 6, 1997. State v. McClendon, 243 Conn. 943, 704 A.2d 799 (1997). The Supreme Court affirmed the judgment of the Appellate Court on May 11, 1999. State v. McClendon, 248 Conn. 572, 730 A.2d 1107 (1999).

3.    The petitioner filed a state petition for a writ of habeas corpus in which he claimed that he was denied the effective assistance of counsel. On June 25, 1998, after an evidentiary hearing, the state habeas court, *Corrigan, JTR,* rejected the petitioner's claims and denied relief on his habeas corpus petition. Memorandum of Decision, McClendon v. Warden, CV95-0556564, Judicial District of Hartford/New Britain. The petitioner appealed to the Appellate Court which dismissed his appeal on June 27, 2000. McClendon v. Commissioner of Correction, 58 Conn. App. 436, 755 A.2d 238 (2000). The petitioner filed a petition for certification to appeal which was denied by the Connecticut Supreme Court on October 2, 2000. McClendon v. Commissioner of Correction, 254 Conn. 920, 759 A.2d 1025 (2000).

4.    The petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 on August 9, 2001. On October 9, 2001, this court issued an order to show cause which directed the respondents to file a response to the claims in the habeas corpus petition. On February 8, 2002, the respondents filed a motion to dismiss or stay the petitioner's habeas corpus petition on the grounds that it was a mixed petition containing both exhausted and unexhausted claims. On September 19, 2002, this court granted the respondents' motion dismissing the unexhausted claims in the petition and ordering the

petition stayed with respect to the exhausted claims. On April 4, 2005, this court vacated the stay on the exhausted claims and dismissed the petition without prejudice to reopening the case after fully exhausting the petitioner's state court remedies.

     5.     On June 22, 2006, the petitioner filed a motion to reopen the case and a motion for leave to file an amended petition. On March 12, 2007, this court ordered the case to be reopened and granted the petitioner's motion to filed an amended petition. On April 25, 2007, this court issued an order to show cause directing the respondents to file a response to the petitioner's habeas corpus petition by May 16, 2007.

     6.     In the respondents' first motion for extension of time, it was noted that this case was being reassigned to the undersigned counsel, who was to join the Civil Litigation Bureau on June 8, 2007. In fact, although it was originally planned that the undersigned would join the Civil Litigation Bureau on June 8, 2007, the undersigned did not so join until June 22, 2007, due to circumstances attendant to the transition from his previous employment.

     7.     Upon joining the Civil Litigation Bureau, the undersigned counsel first attended to another federal habeas matter, and filed an answer in that matter on July 3, 2007.

     8.     The petition in this case raises five separate claims, some of which have several sub-elements, almost all, if not all, of which require independent factual research and legal analysis. The undersigned believes that he will need the additional time to cull through the volume of historical information and applicable legal authority in order to prepare an adequate response to said claims.

WHEREFORE, the respondents hereby move this court for an extension of time to file their response to the petitioner's application for a writ of habeas corpus until **September 11, 2007**.

Respectfully submitted,

THE STATE OF CONNECTICUT

RICHARD BLUMENTHAL
ATTORNEY GENERAL
STATE OF CONNECTICUT

THERESA LANTZ
COMMISSIONER OF CORRECTION
STATE OF CONNECTICUT

RESPONDENTS

By: _____/s/_____
MICHAEL PROTO
Deputy Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
Tel. No. (860) 258-5887
Fax No. (860) 258-5968
E-mail: michael.proto@po.state.ct.us
Federal Bar No. ct22533

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing document was mailed, first class postage prepaid, to Charlie J. McClendon, Inmate No. 107421, MacDougal-Walker Correctional Institution, 1153 East Street South, Somers, Connecticut 06080, on July 13, 2007.

                                                /s/
                                    MICHAEL PROTO
                                    Deputy Assistant State's Attorney